120 F.3d 269
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco BERNAL, Defendant-Appellant.
 No. 96-10402.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 22, 1997.**
Decided July 24, 1997.
 
 Before HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Francisco Bernal appeals his court trial conviction for driving while his license was suspended, in Yosemite National Park, in violation of Cal. Veh.Code § 14601.1 (West 1995) and 36 C.F.R. § 4.2 (1995). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Bernal contends that insufficient evidence supported his conviction because the district court's admission of portions of his DMV record, which stated that Bernal had received written and verbal notice of the suspension of his license, violated both Fed.R.Evid. 803(8) and his rights under the Confrontation Clause. Bernal contends that this evidence should have been excluded and that without this evidence, his knowledge of the suspension cannot be proven beyond a reasonable doubt. These contentions lack merit.
 
 
 4
 "There is sufficient evidence to support a conviction if, reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Ross, 112 F.3d 422, 425 (9th Cir.1997) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)). To convict a defendant of driving while his license was suspended in violation of Cal. Veh.Code § 14601.1(a), the defendant's knowledge of the suspension must be proven as an element of the offense. See Cal. Veh.Code § 14601.1(a).
 
 
 5
 Taken in the light most favorable to the government, the evidence of record sufficiently supports Bernal's conviction. See Ross, 112 F.3d at 425. In addition to the DMV record, the government offered the testimony of Officer Scott Connelly, who testified that Bernal was arrested when he attempted to drive his car out of the Yosemite U.S. Magistrate Judge's court parking lot, where Bernal had just appeared for sentencing on a previous charge of driving with a suspended license. Officer Connelly testified that he had personally participated in Bernal's sentencing, and that Bernal's license remained suspended at the time he left the courthouse. With these facts, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Bernal knew that his license was suspended on the day in question, July 18, 1995. See id.; Cal. Veh.Code § 14601.1(a).
 
 
 6
 Even assuming that the objectionable portions of Bernal's DMV record were inadmissible hearsay, and that their admission constituted a violation of Bernal's rights under the Confrontation Clause, reversal would be warranted only if any error resulting from their admission was not harmless beyond a reasonable doubt. See United States v. George, 56 F.3d 1078, 1083 (9th Cir.), cert. denied, 116 S.Ct. 351 (1995); United States v. Vargas, 933 F.2d 701, 704-705 (9th Cir.1991).
 
 
 7
 Because Bernal's knowledge of the suspension of his license was independently established by Officer Connelly's testimony, we find that even if it was error for the district court to admit those relevant portions of his DMV record, it was harmless beyond a reasonable doubt. See George, 56 F.3d at 1083; Vargas, 933 F.2d at 704-705.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3